IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY JOHNSON : CIVIL ACTION
:
v. :
:
MARLENE LACHMAN, et al. : NO. 12-2461

MEMORANDUM

YOHN, J.                                                 MAY 15, 2012

Plaintiff Anthony Johnson brings this pro se civil rights action against the City of Philadelphia and two judges of the Philadelphia Court of Common Pleas, Marlene Lachman and Gary Glazer. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant Johnson leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   FACTS

Johnson's claims are based on how Judges Lachman and Glazer handled a civil lawsuit that was filed in the Philadelphia Court of Common Pleas. The nature of that lawsuit is not clear from the complaint, although it appears that plaintiff is a party or an interested party. Johnson contends that he filed a motion for summary judgment, but that Judge Glazer "sabotaged the summary judgment protocols and represented the defending parties interest by abandoning the bench and acting as their defense attorney and initiating a defense!" (Compl. ¶ 4.)

Additionally, Johnson contends that Judge Lachman issued orders on three occasions that threatened sanctions for failure

1

to comply.  A party who was apparently adverse to Johnson did not comply with the Judge's orders, which Johnson equated to a violation of his own due process rights.  When he argued as much at a subsequent hearing, Judge Lachman "refuse[d] to address [Johnson's] pleadings and refuse[d] to enforce [her] own orders . . . and refuse[d] to accept [his] power of attorney status pursuant to Pennsylvania Law!"  (Id.)  Johnson also claims that Judge Lachman acted "as a Court of inquiry" by suggesting that an individual identified as Mr. Neal take a blood test.

Finally, Johnson claims that the City permitted the judges to act in the above-described manner and that the City "routinely permits its officers of the court too [sic] sabotage the adversarial process."  (Id.)  He appears to assert claims pursuant to 42 U.S.C. § 1983 that he was denied due process and access to the courts.  He also contends that the judges' rulings and/or actions did not comply with Pennsylvania laws pertaining to powers of attorney and paternity.[1]  He seeks $5 million in compensatory damages from the City, an injunction removing Judges Glazer and Lachman from the bench "pending [the] outcome of this civil action," and a declaration that the defendants violated his rights.  (Compl. ¶ 6.)

---

[1] Johnson cites several Pennsylvania statutes that he believes the defendants disregarded, which are apparently relevant to his claims in the underlying civil action.  See 20 Pa. Cons. Stat. § 5603 (pertaining to the implementation of a power of attorney); id. § 2107 (pertaining to intestate succession with respect to individuals born out of wedlock); 23 Pa. Cons. Stat. § 5102 (pertaining to the legitimacy of children for purposes of domestic relations law).

## II. STANDARD OF REVIEW

The Court grants Johnson leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). To state a claim, a complaint must do more than recite "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss Johnson's complaint. Preliminarily, to the extent Johnson is seeking review of state court judgments issued against him, his claims are barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165-69 (3d Cir. 2010). To the extent Rooker-Feldman does not apply, Johnson has not stated a claim for relief

under § 1983.[2]

The Court understands Johnson to be claiming that Judges Lachman and Glazer violated his rights by ruling against him on various occasions in the underlying civil matter. The complaint reflects that Johnson had the opportunity to advance his positions in state court, as he filed a motion for summary judgment and advanced arguments on his behalf at a hearing. That the judges denied his claims or otherwise ruled against him does not constitute a due process violation. See Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (quotations omitted). Likewise, the Court cannot discern any basis for concluding that Johnson was denied access to the courts based on the fact that the claims or arguments that he advanced *in court* were unsuccessful. Furthermore, Johnson may not seek relief under § 1983 based on the defendants' alleged failures to comply with state laws concerning powers of attorney and paternity absent a corresponding violation of federal law. See Groman v. Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1995) ("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a

---

[2] Johnson does not allege that Judges Lachman and Glazer violated a declaratory decree or that declaratory relief is unavailable – indeed, he seeks declaratory relief in this action. Accordingly, his claims for injunctive relief against the judges are barred by the doctrine of absolute judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Regardless, this Court lacks the authority to remove those judges from the bench as Johnson requests.

4

person deprived him of a *federal* right; and (2) the person who deprived him of that right acted under color of state or territorial law.") (emphasis added); Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992) ("An alleged violation of state law[] . . . does not state a claim under section 1983.").

To the extent Johnson is attempting to hold the City vicariously liable for the actions of its agents, his claims fail because *respondeat superior* is an inappropriate basis for municipal liability in a § 1983 case. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). Furthermore, assuming that Johnson has pled a sufficient basis for liability under Monell, his claims against the City fail because he has not established any underlying constitutional violation. Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) ("[F]or municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights.").

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because the only apparent basis for Johnson's lawsuit is the fact that he was unsuccessful in state court. Nothing in the complaint even comes close to stating a constitutional claim. To the contrary, the complaint is mostly comprised of unsupported accusations and colorful language. Accordingly, Johnson will not be given the opportunity to file an amended complaint.

**IV.  CONCLUSION**

For the foregoing reasons, Johnson's complaint is dismissed. An appropriate order follows.