**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                        |   |                          |
|------------------------|---|--------------------------|
| ANTHONY JOHNSON        | : |                          |
|                        | : |                          |
| Plaintiff,             | : |                          |
|                        | : |                          |
| v.                     | : | CIVIL ACTION NO. 12-2461 |
|                        | : |                          |
| MARLENE LACHMAN, *et al.*, | : |                      |
|                        | : |                          |
| Defendant.             | : |                          |

## MEMORANDUM

YOHN, J.                                                    June 5, 2013

Plaintiff, Anthony Johnson, moves for relief under Federal Rule of Civil Procedure 60(b) from my May 15, 2012 order dismissing Johnson's complaint. The details of plaintiff's complaint are set forth in my May 15, 2012 memorandum and order. Generally the allegations in plaintiff's complaint are based on the handling by Judges Lachman and Glazer of plaintiff's civil lawsuit that was filed in the Philadelphia Court of Common Pleas. I dismissed Johnson's complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B). He did not appeal. Plaintiff contends that my dismissal of his complaint was in error, and requests that I grant his 60(b) motion. For the reasons set forth below, and in the interest of finality, I will deny his motion.

## I.    Discussion

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." "[A] motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court . . . . The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to

achieve finality in litigation." 11 Charles Alan Wright et al., *Federal Practice and Procedure* §
2857 (2d ed. 2012)

Relief under Rule 60(b) may be appropriate where a movant shows "mistake,
inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "fraud (whether
previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,"
Fed. R. Civ. P. 60(b)(3). Rule 60(b)(6) is a catchall provision, stating that a movant may prevail
for "any other reason that justifies relief." Under Rule 60(c), a 60(b) motion that relies on
subsections (1)-(3) must be filed within one year of the targeted judgment. Otherwise, the only
restraint is that the motion "must be made within a reasonable time" of the judgment. Fed. R.
Civ. P. 60(c)(1). Johnson filed this motion within a year of my order dismissing his complaint,
and accordingly, all of the subsections under Rule 60(b) are available to him.

Plaintiff's motion does not specifically address which subsections of 60(b) apply to his
case. However, after reading Johnson's motion I understand him to be making two general
arguments: (1) that my May 15, 2012 order was fraudulent, and (2) that I committed a legal error
when I determined plaintiff had failed to state a claim. Thus, reading his motion liberally, I
understand Johnson to be asserting claims of mistake under 60(b)(1) and fraud under 60(b)(3). I
will address his contentions in turn.[1]

A.      Rule 60(b)(1)

In his motion, plaintiff contends that my May 15, 2012 order dismissing his complaint

---

[1] In Johnson's motion for relief from judgment he also makes allegations against Judges
Rizzo and Moss, who were not defendants in his original complaint. Accordingly, because
Judges Rizzo and Moss are not parties to this action, I will not address Johnson's claims against
them.

was wrong. Although he gives no legal basis for his argument, plaintiff contends that I was clearly wrong when I found that the defendant judges' alleged actions were simply unfavorable decisions to plaintiff; not violations of due process and equal protection. (Motion for Relief from Judgment Civil Action No. 12-cv-2461 ("Mot. for Relief") at 1-2.) [2] Thus, plaintiff is arguing generally that my decision to dismiss his complaint was a legal error. However, even assuming arguendo, that my May 15, 2012 dismissal was in error, that is not an appropriate ground for Rule 60(b)(1) relief. In *James v. Virgin Islands Water & Power Authority*, 119 Fed. Appx. 397, 401 (3d Cir. 2005) (non precedential), the Third Circuit stated that "with respect to legal error and Rule 60(b)" recent decisions "appear[] to foreclose the argument" that legal error could be addressed under Rule 60(b)(1). They continue by stating, "[a]t most . . . legal error could be addressed under Rule 60(b)(1) if a motion is made before the time for appeal has run." In this case, Johnson did not pursue his proper legal remedy by appealing my order of May 15, 2012 and the current motion was filed almost ten months after the expiration of the window for appeal; therefore Rule 60(b)(1) offers him no relief.[3]

### B.  Rule 60(b)(3)

---

[2] Specifically, Johnson states "In Judge's Yohn [sic] order of May 15, 2012, he claims that the defendant judges sabotaging the adversary process too [sic] favor an officer of the Court, is not a violation of due process and equal protection of the law–but is simply an unfavorable decision against the losing party; and therefore does not violate due process or equal protection doctrines! Evidently, Yhon [sic], does not understand the concept of equal protection and due process and must be incompetent too [sic] preside as a federal court judge . . . ." (*Id.* at 2.)

[3] Federal Rule of Civil Procedure 60(b)(6) also does not provide relief for legal error because the Third Circuit has unequivocally stated that legal error cannot be a basis for relief under 60(b)(6). *See id.* at 401 ("[S]ince legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).") (quoting *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d. Cir.2004)).

Johnson also contends that he is entitled to relief from my May 15, 2012 order dismissing his complaint because it is a "fraudulent judgement." (Mot. for Relief at 1.) Specifically, Johnson alleges that my May 15, 2012 order was "fraudulent testimony," which violated Federal Rule of Evidence 605. (*Id.* at 1 n.1.) Accordingly, because Johnson has alleged fraud, I understand his claim to be that he is entitled to relief under Rule 60(b)(3). Rule 60(b)(3) provides for relief from judgment for the reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (internal citation omitted).

Johnson does not set forth any factual basis for fraud by an adverse party. He alleges that I committed fraud because my May 15, 2012 order dismissing his complaint "answered the complaint for the defendants and testified in violation of Fed. R. Evid. 605 . . . ."[4] (Mot. for Relief at 1.) However, my May 15, 2012 order was not testimony in violation of the Federal Rules of Evidence: I was simply performing my statutory duty to "screen" an in forma pauperis complaint, and dismiss the complaint sua sponte if it is "(I) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief." *See Leatherman v. Obama*, CIV.A. 12-1486, 2012 WL 5398856 (W.D. Pa. Oct. 22, 2012) report and recommendation adopted, CIV.A. 12-1486, 2012 WL

---

[4] Rule 605 of the Federal Rules of Evidence states that "[t]he presiding judge may not testify as a witness at the trial."

4

5398912 (W.D. Pa. Nov. 2, 2012). Accordingly, Johnson fails to allege a plausible claim of fraud. Moreover, Rule 60(b)(3) provides that relief from judgment can be granted only if there is fraud "of an adverse party," and not fraud by the court. *See Estate of James Godwin v. Smith*, CIV. 10-531-LPS, 2010 WL 5395046, at *3 (D. Del. Dec. 23, 2010). Because Johnson only alleges that I committed fraud, and not an adverse party, 60(b)(3) is inapplicable, and accordingly I will deny his motion.

## II.    Conclusion

For the reasons explained above, I will deny Johnson's 60(b) motion for relief from judgement. An appropriate order follows.